

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
NEW YORK DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 Bankruptcy |
| | § | Proceeding |
| DELTA AIR LINES, INC., ET AL | § | |
| | § | |
| *DEBTOR* | § | Case No. 05-17923 (ADH) |

## NOTICE OF APPEAL OF ORDER DENYING "MOTION FOR PAYMENT OF SECURED CLAIM AGAINST DELTA" FILED BY J. ANTHONY GUAJARDO AND EXPUNGING CERTAIN CLAIMS

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**NOW COMES, J. ANTHONY GUAJARDO,** Pro Se (Creditor), hereby appeals docket # 6633, Order Denying "Motion for Payment of Secured Claim Against Delta" Filed by J. Anthony Guajardo and Expunging Certain Claims, dated August 21, 2007.

The Court failed to hear all the arguments of J. Anthony Guajardo, Creditor, regarding the purchase of his 5,000 shares of Delta common stock. J. Anthony Guajardo wants the chance to present all of his arguments regarding the stock. J. Anthony Guajardo, claims that he purchased the Delta common stock from their agent, Fidelity Investments, .

The claim of 5,000 shares of stock in the Books and Record has no subordination since in this class there is only one claimant, the Plaintiff. Plaintiff purchased Delta Stock on January 25 and January 29, February 5, 2007. **(See attached Exhibit 1 & Exhibit 2)**.

The Proof of Claim filed May 18, 2007. **(See attached Exhibit 3)**.

Debtor was still selling stock in 2007 when Claimant purchased his stock through Fidelity Investments, the Debtor's agent. Debtor is denying the facts. The Bankruptcy Court stated that the stock claimant purchased had no value; and was hence, "worthless." Obviously a conflict of information since claimant paid over 6K for stock. Although not a large sum of money, the amount is clearly not without value. **(See Exhibit 4)**. Plaintiff received a letter dated, July 20, 2007, from

1

Benjamin A. Tisdell, Attorney for Reorganized Debtors, claiming that the Plaintiff is continuing to press multiple frivolous actions. Debtor alleges that continuation of claim is meritless and for the purpose of harassment which is plainly untrue. **(See Exhibit 5).**

Fraud – contrary to the verification of the claimant. After J. Anthony Guajardo had purchased his 5,000 shares of stock and Debtor had sold this stock after Debtor claims they had stopped, Debtor them changed from bankruptcy to a reorganization without any justification except taking the claims had paid for their stock which show bad faith as well as fraud to all the thousands of willing buyers when it was offered and resulted in claimant's good faith investment.

WHEREFORE, Plaintiff prays that the Court will grant the Creditor, J. Anthony Guajardo, Notice of Appeal.

Respectfully submitted,

*[signature]*

J. Anthony Guajardo
Attorney at Law
Texas State Bar No. 08561000
716 Labor Street
San Antonio, Texas 78210
Tel. (210) 534-0333
Fax (210) 534-0346

PRO SE (Appellant)

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of *Notice of Appeal of Order Denying "Motion for Payment of Secured Claim Against Delta" Filed by J. Anthony and Expunged Certain Claims* has been served to the following:

U. S. Bankruptcy Court for the Southern District of New York
Attn: Adlai S. Hardin, Jr.
300 Quarropas Street
White Plains, NY 10601-4140

Marshall S. Huebner, Esq.
DAVIS POLK & WARDWELL
Attorney for Debtors
450 Lexington Avenue
New York, NY 10017

Lawrence M Handelsman, Esq.
STROOCK & STROOCK & LAVAN LLP
Attorneys for conflicts counsel to the Debtors
180 Maiden Lane
New York, NY 10038

Richard F. Hahn, Esq.
DEBEVOISE & PLIMPTON LLP
Attorneys for aircraft counsel to the Debtors
919 Third Avenue
New York, NY 10022

Greg M. Zipes, Esq.
Bankruptcy Trustee
United States Trustee for the Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004

AKIN GUMP STRAUSS HAUER & FELD LLP
Attn: Daniel H. Golden, Esq., Lisa G. Beckerman, Esq. & David H. Botter, Esq.
Attorneys for the Official Committee of unsecured Creditors
590 Madison Avenue
New York, NY 10022

3

Michael A. Berman
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

Nathan Fuchs
3 World Financial Center
New York, NY 10281

Sid Brown
Internal Revenue Service
290 Broadway
New York, NY 10008

Robert Saraceni
Bankruptcy Services, LLC
757 Third Avenue
New York, NY 10017

Benjamin A. Tisdell, Esq.
DAVIS POLK & WARDWELL
Attorney for Debtors
450 Lexington Avenue
New York, NY 10017

Hugh McCullough, Esq.
DAVIS POLK & WARDWELL
Attorney for Debtors
450 Lexington Avenue
New York, NY 10017

Damian Schaible, Esq.
DAVIS POLK & WARDWELL
Attorney for Debtors
450 Lexington Avenue
New York, NY 10017

SERVED on this day, 24th of August, 2007.

J. ANTHONY GUAJARDO
PRO SE

## VERIFICATION

THE STATE OF TEXAS §
§
COUNTY OF BEXAR §

Plaintiff, J. ANTHONY GUAJARDO, being duly sworn, appeared before me, the undersigned notary public, on this 24th day of August, 2007, and stated upon his oath that he has personal knowledge of the facts stated within the NOTICE OF APPEAL OF ORDER DENYING "MOTION FOR PAYMENT OF SECURED CLAIM AGAINST DELTA" FILED BY J. ANTHONY GUAJARDO AND EXPUNGED CERTAIN CLAIMS, and that such facts are true and correct to the best of his knowledge.

_____
J. ANTHONY GUAJARDO

SWORN TO and SUBSCRIBED BEFORE ME by J. ANTHONY GUAJARDO, on the 24th day of August, 2007.

_____
NOTARY PUBLIC, STATE OF TEXAS

ESTHER L. ESPINOZA
Notary Public, State of Texas
My Commission Expires
April 08, 2009

# EXHIBIT "1"



**Transaction Confirmation**
**Confirm Date: February 5, 2007**

Page 1 of 1

Brokerage Account Number
**X05-628646 INDIVIDUAL - TOD**

**ANTHONY JACINTO GUAJARDO**

10015230

ANTHONY JACINTO GUAJARDO
212 NORTHCREST
SAN ANTONIO TX 78213-2234

| Online | Fidelity.com |
| FAST(sm)-Automated Telephone | 800-544-5555 |
| Customer Service | 800-544-6666 |

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | EXCH. | ORIG. |
|---|---|---|---|---|---|---|---|---|
| 07036-623211 | 1 | W## | 02-05-07 | 02-08-07 | 247361108 | 07036-CNVZH | NASDAQ | |

| | | SECURITY DESCRIPTION and DISCLOSURES | | |
|---|---|---|---|---|
| You Bought | 2,000 | DELTA AIR LINES INC | Principal Amount | 2,500.00 |
| at | 1.25 | WE HAVE ACTED AS AGENT. | Commission | 25.95 |
| Symbol: DALRQ | | SILVER ONLINE COMMISSION APPLIED | Settlement Amount | 2,525.95 |

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | EXCH. | ORIG. |
|---|---|---|---|---|---|---|---|---|
| 07036-581227 | 1 | W## | 02-05-07 | 02-08-07 | 345370860 | 07036-CLLVW | OTC | R |

| | | SECURITY DESCRIPTION and DISCLOSURES | | |
|---|---|---|---|---|
| You Bought | 1,000 | FORD MTR CO DEL COM | Principal Amount | 8,370.00 |
| at | 8.37 | WE HAVE ACTED AS AGENT. | Commission | 10.95 |
| Symbol: F | | SILVER ONLINE COMMISSION APPLIED | Settlement Amount | 8,380.95 |
| | | NFS LLC WAS THE MKT MAKER ON THIS TRADE | | |

10015230   ALL ORDERS ARE UNSOLICITED UNLESS SPECIFIED ABOVE

ANTHONY JACINTO GUAJARDO
212 NORTHCREST
SAN ANTONIO TX 78213-2234

FIDELITY INVESTMENTS
PO BOX 770001
CINCINNATI OH 45277-0003

Please use this form to make additional investments in your brokerage account **X05-628646** only.

| AMOUNT OF INVESTMENT | $ |

If there are sufficient funds in your brokerage core account (or margin account), Fidelity will use those funds to cover the trade(s) on this confirm. If you wish to deposit additional money, use this deposit slip and make checks payable to: NATIONAL FINANCIAL SERVICES LLC. Deposits will be made to the account listed above. Please use the enclosed envelope or mail checks to the Fidelity address on this form.

099  0X05628646  00  000

# EXHIBIT "2"

# Fidelity Investments
## Investment Report
January 19, 2007 - January 31, 2007

## Fidelity Account℠  X05-628646    ANTHONY J GUAJARDO - INDIVIDUAL TOD

### Holdings (Symbol as of January 31, 2007)

| | Performance January 31, 2007 | Quantity January 31, 2007 | Price per Unit January 31, 2007 | Total Cost Basis | Total Value January 19, 2007 | Total Value January 31, 2007 |
|---|---|---|---|---|---|---|
| Total Market Value | | | | | | $53,597.36 |

M - Position held in margin account.
All remaining positions held in cash account.

## Transaction Details   (for holdings with activity this period)

### Core Account - Fidelity Municipal Money Market

| Description | Amount | Balance | Description | Amount | Balance |
|---|---|---|---|---|---|
| Beginning | | $0.00 | Cash Management Activity | | |
| Investment Activity | | | Deposits | 54,803.04 | |
| Securities bought | -$38,242.70 | | Subtotal of Cash Management Activity | $54,803.04 | |
| Core account income | 26.02 | | Ending | | $16,586.36 |
| Subtotal of Investment Activity | -$38,216.68 | | | | |

### Investment Activity

| Settlement Date | Security | Description | Quantity | Price per Unit | Amount | Transaction Amount |
|---|---|---|---|---|---|---|
| 1/25 | DELTA AIR LINES INC | You bought<br>Transaction cost: -$34.95 | 2,000.000 | $1.30000 | | -$2,634.95 |
| 1/25 | FORD MTR CO DEL COM<br>NFS LLC WAS THE MKT MAKER ON THIS TRADE | You bought<br>Transaction cost: -$19.95 | 700.000 | 8.39000 | | -5,892.95 |
| 1/25 | SIRIUS SATELLITE RADIO INC | You bought<br>Transaction cost: -$19.95 | 1,000.000 | 3.90000 | | -3,919.95 |
| 1/29 | DELTA AIR LINES INC | You bought<br>Transaction cost: -$19.95 | 1,000.000 | 1.17000 | | -1,189.95 |
| 1/29 | FORD MTR CO DEL COM<br>NFS LLC WAS THE MKT MAKER ON THIS TRADE | You bought<br>Transaction cost: -$19.95 | 1,000.000 | 8.15000 | | -8,169.95 |

# EXHIBIT "3"

B 10 (Official Form 10) (04/07)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Delta Air Lines Inc., Et Al | Case Number: 05-17923 (ADH) |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
J. Anthony Guajardo

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

Name and address where notices should be sent:
716 Labor Street
San Antonio, Texas 78210

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Telephone number: (210) 534-0353

Last four digits of account or other number by which creditor identifies debtor: 3211

Check here ☐ replaces
if this claim ☐ amends    a previously filed claim, dated:_____

1. Basis for Claim
☑ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Other_____
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #:____
Unpaid compensation for services performed
From _____ to _____
(date)        (date)

2. Date debt was incurred: 01/25/2007

3. If court judgment, date obtained:

4. Classification of Claim. Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time the case was filed.
See reverse side for important explanations.

Unsecured Nonpriority Claim $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

Unsecured Priority Claim
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
Amount entitled to priority $_____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

Secured Claim
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate     ☑ Other  Stock Purchased
☐ Motor Vehicle
Value of Collateral: $  25,000.00

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

5. Total Amount of Claim at Time Case Filed: $_____        25,000.00        _____        25,000.00
                                            (unsecured)    (secured)    (priority)    (total)

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

6. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

FILED U.S. BANKRUPTCY COURT S.D. OF N.Y. 2007 MAY 18 P [illegible]

Date: 5-15-07

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): /s/ Anthony Guajardo

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# EXHIBIT "4"

# DAVIS POLK & WARDWELL

| | | |
|---|---|---|
| 1300 I STREET, N.W.<br>WASHINGTON, D.C. 20005 | 450 LEXINGTON AVENUE<br>NEW YORK, N.Y. 10017 | MESSETURM<br>60308 FRANKFURT AM MAIN |
| 1600 EL CAMINO REAL<br>MENLO PARK, CA 94025 | 212 450 4000<br>FAX 212 450 3800 | MARQUÉS DE LA ENSENADA, 2<br>28004 MADRID |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | WRITER'S DIRECT | 1-6-1 ROPPONGI<br>MINATO-KU, TOKYO 106-6033 |
| 15, AVENUE MATIGNON<br>75008 PARIS | 212 450 4720 | 3A CHATER ROAD<br>HONG KONG |

July 3, 2007

Re: **In re Delta Air Lines, Inc., et al., Case No. 05-17923 (ASH)**

J. Anthony Guajardo, Esq.
716 Labor Street
San Antonio, Texas 78210

Dear Mr. Guajardo:

    We represent Delta Air Lines, Inc. ("*Delta*") and certain of its subsidiaries that were debtors and debtors in possession pursuant to chapter 11 of title 11 of the United States Code. We write in connection with your "Motion for Payment of Secured Claim Against Delta" (the "*Motion*") filed with the U.S. Bankruptcy Court for the Southern District of New York [Docket No. 6363] on June 27, 2007.

    Your Motion does not explain the basis for your "secured claim" against Delta, but states that you are "making a demand for full payment of current value of the 5,000 shares of common stock." As we have explained to you before, and as we shall attempt to explain again in this letter, the common stock in Delta that you purchased was "pre-petition" common stock issued before Delta filed for chapter 11 on September 14, 2005. Pursuant to Delta's Plan of Reorganization (the "*Plan*"), confirmed by the Bankruptcy Court on April 25, 2007, all pre-petition common stock in Delta was cancelled in May 2007. In addition, as we believe you already know, all holders of pre-petition common stock in Delta may not lawfully receive distributions under the Plan.

    The Motion is not the first court document that you have filed in Delta's bankruptcy on account of your pre-petition common stock. On April 2, 2007, you filed an objection [Docket No. 5525] to the Plan in which you argued that, because you had "invested a great deal of time and money into buying [your] stock" and because you "did not want to lose [your] investment," you should receive a distribution of "new common stock" in Delta.

    I understand that two of my colleagues, Damian Schaible and Hugh McCullough, spoke with you in April by telephone and separately advised you that, under the bankruptcy principle known as the "absolute priority rule," holders of pre-petition equity interests in Delta (including pre-petition common stock in Delta) may not lawfully receive distributions under the Plan. Despite this explanation, you declined to withdraw your objection to the Plan.

J. Anthony Guajardo, Esq.                    2                         July 3, 2007

Your objection was heard on the record at Delta's confirmation hearing and was expressly overruled by the Bankruptcy Court, with Judge Hardin explaining as follows:

> One aspect of the Bankruptcy Code provision that is terribly important is the so-called "absolute priority rule," under which no class of interest, whether creditor or equity, in an entity in bankruptcy can receive anything unless all classes higher are paid in full. In this case, the creditors will not be paid in full; and therefore, there simply is nothing for equity. That's a matter of great regret, without a doubt, but it's the law and it is the way we have chosen to deal with bankruptcy in this country, and it's the only way. So I overrule that objection.

An excerpt of this portion of the transcript is enclosed for your reference.

In May 2007 – notwithstanding that the deadline for filing proofs of claim was August 21, 2006, that you had already been repeatedly advised by us that you were not eligible for a distribution under the Plan and that your earlier Plan objection requesting a distribution of "new common stock" in Delta had already been overruled – you filed an untimely and improper "secured" proof of claim on account of your pre-petition common stock in Delta.[1] Delta intends to object to this proof of claim and will argue that it should be disallowed in its entirety since, among other things, (i) it was filed late, (ii) an interest on account of pre-petition common stock is not properly a "claim" against Delta, nor is it "secured" and (iii) holders of equity interests in Delta such as yourself are not entitled to a distribution under the Plan.

We respectfully submit, for all the foregoing reasons, that there is no merit to any of your asserted claims or to your Motion, which are frivolous. We therefore ask that you inform us in writing by no later than **July 27, 2007** whether you intend to withdraw your Motion. If you decline to do so, we will file an objection to your Motion (with this letter attached) and will schedule it for Delta's next omnibus hearing on **August 20, 2007** beginning at 2:30 p.m. in Room 520 of the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601.

Finally, since you indicate that you are an attorney admitted to practice in the state of Texas, we assume that you are aware of the implications – under both federal rules of procedure and the professional rules of your own state – of an

---

[1] We note that, based on the documentation attached to your proof of claim, it would appear that all of your pre-petition common stock was purchased on or after January 2007. Based on this documentation, the total amount that you paid for your 5,000 shares of pre-petition common stock in Delta, including fees, was approximately $6,350. Nevertheless, your proof of claim, signed under penalty of perjury, purports to assert a "secured" claim of "$25,000." In your Motion, you now assert, without explanation, that you are entitled to compensation "for the value of the 5,000 shares of stock for the sum $98,000 and interest and costs in the amount of $2,500, offer good for 30 days to accept or reject."

J. Anthony Guajardo, Esq.	3	July 3, 2007

attorney deliberately filing frivolous or harassing pleadings that the attorney knows to be meritless. I assume you are also aware that the potential penalties for filing fraudulent proofs of claim in a bankruptcy are significant. *See* 18 U.S.C. §§ 152, 3571. Please consider this letter a notice that, should you continue to prosecute this Motion or any similar bankruptcy pleading that purports to assert meritless claims based on your purchase of pre-petition common stock in Delta, Delta reserves all rights to seek appropriate sanctions based on your conduct, including attorneys' fees and costs of defending against your motion.

Please let us know your response.

Very truly yours,

Benjamin A. Tisdell

# EXHIBIT "5"

# DAVIS POLK & WARDWELL

| | | |
|---|---|---|
| 1300 I STREET, N.W.<br>WASHINGTON, D.C. 20005 | 450 LEXINGTON AVENUE<br>NEW YORK, N.Y. 10017 | MESSETURM<br>60308 FRANKFURT AM MAIN |
| 1600 EL CAMINO REAL<br>MENLO PARK, CA 94025 | 212 450 4000<br>FAX 212 450 3800 | MARQUÉS DE LA ENSENADA, 2<br>28004 MADRID |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | WRITER'S DIRECT | 1-6-1 ROPPONGI<br>MINATO-KU, TOKYO 106-6033 |
| 15, AVENUE MATIGNON<br>75008 PARIS | 212 450 4720 | 3A CHATER ROAD<br>HONG KONG |

July 20, 2007

Re:  In re Delta Air Lines, Inc., et al., Case No. 05-17923 (ASH)

J. Anthony Guajardo, Esq.
716 Labor Street
San Antonio, Texas 78210

Dear Mr. Guajardo:

    We represent Delta Air Lines, Inc. ("*Delta*") and certain of its subsidiaries that were debtors and debtors in possession pursuant to chapter 11 of title 11 of the United States Code. We have received your letter, dated July 9, 2007, in which you apparently (i) are declining to withdraw your "Motion for Payment of Secured Claim Against Delta" (the "*Motion*") filed with the U.S. Bankruptcy Court for the Southern District of New York [Docket No. 6363] on June 27, 2007 and (ii) have filed a new pleading – a "Complaint Objecting to Discharge Ability of Debt" (the "*Complaint*") [Docket No. 6480].

    As we have now explained to you, and to your fellow attorney Matthew Muller, on several occasions, holders of pre-petition equity interests in Delta (including pre-petition common stock in Delta) may not lawfully receive distributions under Delta's confirmed and final Plan.[1] It is regrettable that, notwithstanding these explanations, you are continuing to press multiple frivolous actions in Bankruptcy Court against Delta on account of the pre-petition Delta stock that you purchased in January and February of 2007. Despite the time and expense that your harassment is causing it, Delta intends to oppose all of your pleadings vigorously in Bankruptcy Court. Also, as we have already advised you, Delta reserves all rights to seek appropriate sanctions based on your conduct, including attorneys' fees and costs of defending against your motion.

---

[1] In your letter, you indicate that you are "aware that a senior class creditor may separate a portion of its interest to satisfy the claim of a junior class creditor." Under certain circumstances, you are correct. For example, it sometimes happens in plans of reorganization that a higher priority class of claimholders will, by agreement, allow a lower priority class of claimholders to receive a distribution on account of their claims. However, in Delta's plan of reorganization (which has already been approved by the Bankruptcy Court by a final order) there was no such agreement between general unsecured creditors and holders of pre-petition common stock.

J. Anthony Guajardo, Esq.　　　　　2　　　　　July 20, 2007

  Delta will file an objection to your Motion and your Complaint and will schedule it for Delta's next omnibus hearing on **August 20, 2007** beginning at 2:30 p.m. in Room 520 of the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601. You will then have an opportunity to argue the merits of your various pleadings before the Bankruptcy Court.

  The Bankruptcy Court ordinarily has permitted us to set up a telephone bridge so that parties may appear telephonically and avoid the expense of travel to New York. We will ask the Bankruptcy Court for such accommodations and will advise when we have received confirmation.

Very truly yours,

Benjamin A. Tisdell

cc:　　Matthew Muller

# J. ANTHONY GUAJARDO

ATTORNEY AT LAW
716 LABOR STREET
SAN ANTONIO, TEXAS 78210
Phone: (210) 534-0333 or (210) 534-0353   Fax: (210) 534-0346

**VIA REGULAR MAIL**

August 24, 2007

United States Bankruptcy Court for the Southern District of New York
Attn: U.S. Bankruptcy Clerk
300 Quarropas Street
White Plains, NY 10601-4140

RE:   **Bankruptcy Case No. 05-17923 (ADH); Delta Air Lines Inc., Et Al, Debtor**

Dear U.S. Bankruptcy Clerk:

Please find enclosed the original Notice of Appeal of Order Denying "Motion for Payment of Secured Claim Against Delta" filed by J. Anthony Guajardo and Expunged Certain Claims and 3 copies in the above referenced matter. Please file them and send me a filed copy of the Amended Complaint Objecting to Discharge Ability of Debt in the enclosed self-addressed envelope. Thank you for your attention to this matter.

If you have any questions, please call me at my office.

Sincerely,

*J. Anthony Guajardo/ee*

J. Anthony Guajardo
Attorney at Law

JAG/ee

Enclosures